# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CAROLYN PEARSON, | : | |
| | : | Civil Action No. 12-4175 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion for attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff Carolyn Pearson. The Commissioner has not opposed the motion. For the reasons stated below, the motion will be granted.

      In 2012, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process. The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded. Counsel represented Plaintiff through numerous steps and levels of the appeal process. Plaintiff ultimately prevailed and, on November 12, 2019, the Social Security Administration issued an Award Notice stating the amount of past due benefits due to the Plaintiff, and also notified Plaintiff of the amount withheld for attorney's fees ($53,412.25) out of Plaintiff's Social Security disability insurance benefits. Counsel now asks this Court to authorize payment of that amount of fees. Counsel contends that the requested fee is fair and reasonable given that Plaintiff recouped eleven years and eleven months in wrongfully denied past-due benefits thus far, and the number of

hours spent pursuing Ms. Pearson's federal court case (over 50 hours) and on the administrative portion of this case (approximately 212 hours).

The statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and her counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable. Additionally, consistent with her legal obligations, counsel has represented that she will refund the previously obtained Equal Access to Justice Act ("EAJA") fees to Plaintiff upon receipt of the fees requested here.

For these reasons,

**IT IS ON THIS** 3rd DAY OF April, 2020

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 33) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes a payment to Sheryl Gandel Mazur, Esquire, in the amount of $53,412.25 in attorney's fees which have been withheld from Plaintiff's past-due benefits for court-related services, and, upon receipt of this sum, Plaintiff's counsel shall remit $9,355.85 directly to Plaintiff, representing the sum already paid to Plaintiff's counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.