UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLYN PEARSON, | |
| Plaintiff, | Civil Action No. 12-4175 (SRC) |
| v. | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

    This matter comes before the Court on the renewed motion for supplemental attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff Carolyn Pearson. The Commissioner has responded that the Commissioner takes no position on the motion. For the reasons stated below, the motion will be granted.

    In 2012, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process. The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded. Counsel represented Plaintiff through numerous steps and levels of the appeal process. Plaintiff ultimately prevailed, the Social Security Administration issued an Award Notice that included an award of attorney's fees, and counsel for Plaintiff applied to this Court for an award of such fees, which was granted.

    In January of 2021, this Court denied Counsel for Plaintiff's first application for attorney's fees based on an award of benefits to Plaintiff's minor child. Counsel had submitted an Award Notice that did not support the application. Counsel now renews the motion, supported by a letter

1

from the Social Security Administration, dated March 20, 2021, which states that it had previously erred by not withholding the 25% Attorney fee, in the amount of $5,151.75, which is due to Counsel. To decide whether to award this fee, this Court must determine whether it is reasonable.

The relevant statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and her counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable.

For these reasons,

**IT IS ON THIS** 6th DAY OF April, 2021

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 37) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes a payment to Sheryl Gandel Mazur, Esquire, in the amount of $5,151.75 in attorney's fees which have not been withheld from Plaintiff's past-due benefits for court-related services.

                                                    s/ Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.